# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## NORTHERN GRAND DIVISION.

### SEPTEMBER TERM, 1873.

---

THE RICHARDS IRON WORKS

*v.*

THOMAS GLENNON *et al.*

1. . CONTINUANCE—*diligence to obtain witness.* A motion for a continuance is properly refused when the application is based on the absence of a material witness, and it does not appear that the party exercised reasonable diligence to have the witness subpœnaed to appear on the day the cause was set for trial.

2. EVIDENCE—*secondary, on notice to produce original.* There is no error in admitting as evidence copies of letters relating to a contract, upon proof that they are copies, and of a notice to the opposite party, to whom they were sent, to produce the originals.

APPEAL from the Superior Court of Cook county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. BENNETT & SHERBURNE, for the appellant.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, in the Superior Court of Cook county, for the price of three steam boilers sold by

plaintiffs to defendants, and for work and materials. The issues were, non-assumpsit and set-off.

The cause was tried by the court without a jury, and a finding and judgment for the plaintiffs, to reverse which the defendants appeal.

The principal ground of complaint is the refusal of the court to continue the cause on the affidavit of one of the attorneys of defendants of the absence of a material witness.

We do not find such a compliance with the statute as to justify a continuance. By section 15 of the Practice Act of 1872, it is made the duty of the clerk to set and apportion the causes on his docket for as many days of the term as he may think necessary or be directed by the judge, and all subpœnaes for witnesses are required to be made returnable on the day on which the cause in which the witnesses are to be called is set for trial, or the first day of the term, when such day has not been fixed. Sess. Laws of 1872, p. 340. It will be presumed the clerk discharged his duty in this regard, and thereby the defendants' attorney was informed on what day the cause would be called, and it was his duty to have had a subpœna issued for his witnesses to attend on that day, and having them there in obedience to a subpœna, they would have been under the control of the court, to be used when the cause should be tried, if, by some casualty, it was not called for trial on the particular day set. This was not done, nor was any reasonable effort made to procure the attendance of the witness.

If the defendants had a good and valid defense, the statute permitted them to establish it by their own testimony. We think there was no error in refusing a continuance.

Another objection is, that the court admitted as evidence certain letter-press copies of propositions made by plaintiffs to defendants to furnish the boilers. Notice had been given to defendants to produce the originals. These copies were proved by Lawton, plaintiffs' bookkeeper, to be true copies in respect to two of the boilers, and were properly admissible

as secondary evidence. The same witness stated, as to the third boiler, the contract was verbal, and the price was fifty dollars less.

Upon the whole evidence, which most clearly establishes the indebtedness of appellants, the court could not have done otherwise than find for the plaintiffs, and that judgment is affirmed.

*Judgment affirmed.*